UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| TERRY R. WICKER, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 4:12-cr-00028-TWP-VTW-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MOTION TO VACATE JUDGEMENT UNDER 28 U.S.C. § 2255

Petitioner, Terry R. Wicker, by counsel, Sara J. Varner, moves the Court, pursuant to 28 U.S.C. § 2255, for relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015) and under *Welch v. United States*, 136 S.Ct. 1257 (2016), and in support states:

On August 13, 2013, this Court sentenced Mr. Wicker to a term of 99 months imprisonment after finding that he was a career offender under U.S.S.G. § 4B1.1. The Court found Mr. Wicker to be a career offender after adopting the finding of the presentence report that his instant offense was a "controlled substance offense" and that he had at least two qualifying prior convictions that supported the career offender enhancement. Specifically, the Court found that Mr. Wicker had two convictions that qualified as "crimes of violence".

However, in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Mr. Wicker is no longer a career offender because his robbery and battery convictions no longer qualify as career offender "crimes of violence."[1]

In *Johnson,* the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) as unconstitutionally vague. 135 S. Ct. at 2557. It follows from *Johnson* that the identical residual clause in the career offender provision (U.S.S.G. § 4B1.2(a)(2)) is also void for vagueness. Thus, the only remaining question here is whether Mr. Wicker's robbery and battery offenses qualify as "crimes of violence" under the remaining "enumerated offenses" clause or "force" clause of the career offender provision (U.S.S.G. § 4B1.2(a)). They do not under either clause.

Hence, Mr. Wicker does not have the two necessary predicate convictions (either "crimes of violence" or "controlled substance offenses") to qualify him as a career offender, and his current sentence violates due process of law in violation of 28 U.S.C. § 2255(a).

---

[1] Under the career offender provision, an offense qualifies as a "crime of violence" if it is "punishable by imprisonment for a term exceeding one year" and it

    (1)    has an element the use, attempted use, or threatened use of physical force against the person of another; [known as the force clause] or

    (2)    is burglary of a dwelling, arson, or extortion, involves use of explosives [known as the enumerated offenses clause], *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[ known as the residual clause.]

U.S.S.G. § 4B1.2(a) (emphasis added).

Mr. Wicker's petition is timely under 28 U.S.C. § 2255(f)(3) because he filed it well within one year of the Supreme Court's decision in *Johnson* – a ruling which established a "newly recognized" right that is "retroactively applicable to cases on collateral review." Thus, Mr. Wicker respectfully requests that this Court grant his § 2255 motion, vacate his current sentence, and re-sentence him.

Due to time constraints, counsel cannot, at this time, fully brief the issues presented in this petition. Nonetheless, counsel will ask for leave to supplement this petition at a later time.

Respectfully submitted,

s/Sara J. Varner
Sara J. Varner
Assistant Federal Public Defender
111 Monument Circle, Ste. 2150
Indianapolis, IN 46204
(317) 383-3520

**CERTIFICATE OF SERVICE**

I certify a copy of the foregoing was filed electronically. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/Sara J. Varner*
Sara J. Varner